UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

SAUL CALONJES SALAS

Defendant.

---

18-cr-508-3 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Saul Calonjes Salas, proceeding *pro se*, moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (the "Guidelines"). (*See* Doc. No. 125.) For the reasons set forth below, Defendant's motion is DENIED.

On February 8, 2019, Defendant pleaded guilty to one count of conspiracy to manufacture, distribute, or possess controlled substances on vessels subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70506, 70504(b)(2) and 21 U.S.C. § 960(b)(2)(B). (*See* Doc. No. 53.) Defendant was apprehended by the U.S. Coast Guard while transporting approximately a metric ton of cocaine on the high seas. (*See* Doc. No. 77 at 1.) At sentencing, the Court determined that Defendant's total offense level was 37 and that he had three criminal history points from a prior conviction, also involving the transportation of hundreds of kilograms of cocaine on the high seas, which placed him in criminal history category II. (*See* Doc. No. 111 at 37.) Based on these findings, the Court determined that Defendant's Guidelines range was 235 to 293 months' imprisonment. (*See id.*) The Court ultimately sentenced Defendant to 180 months' imprisonment, to be followed by five years of supervised release. (*See id.* at 73.) Defendant then appealed his

sentence, which the Second Circuit affirmed. *See United States v. Solis*, 18 F.4th 395 (2d Cir. 2021).

Four years later, in 2023, the United States Sentencing Commission adopted Amendment 821, which made several retroactive changes to the Guidelines. *See United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). Among those changes was the addition of U.S.S.G. § 4C1.1, which provides for a two-level decrease in offense level for certain defendants "who have no criminal history points under Chapter Four, Part A, of the Guidelines" and meet other enumerated criteria. *Id.* Defendant's motion is based on that Amendment. However, as stated above, Defendant had three criminal history points stemming from a previous federal conviction in the Middle District of Florida for conduct largely identical to that which he pleaded guilty to in this case and for which he received a sentence of seventy months' imprisonment. (*See* Doc. No. 111 at 37; Doc. No. 126 at 13.) Defendant is therefore ineligible for a sentence reduction according to the express terms of section 4C1.1. As a result, the Court may not reduce Defendant's sentence pursuant to Amendment 821 and must DENY his motion.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 125 and to mail a copy of this Order to Defendant at the facility where he currently resides.

SO ORDERED.

Dated: October 11, 2024
       New York, New York

                                            RICHARD J. SULLIVAN
                                            UNITED STATES CIRCUIT JUDGE
                                            Sitting by Designation