UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

SAUL CALONJES SALAS,

Defendant.

18-cr-508-3 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Defendant Saul Calonjes Salas, proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Doc. No. 133.) For the reasons set forth below, the motion is DENIED.

**I. Background**

On March 17, 2018, the United States Coast Guard apprehended Calonjes Salas and two co-defendants transporting narcotics aboard a speedboat traveling in international waters approximately eighty nautical miles southwest of Panama. (*See* Doc. No. 77 at 1.) Packages recovered from the boat contained 945 kilograms of cocaine and another ten kilograms of amphetamine. (*See id.*) This was not Calonjes Salas's first brush with the law: in 2006, he was arrested aboard another speedboat laden with cocaine; for that offense, he pleaded guilty in the Southern District of Florida and was sentenced to seventy months' imprisonment. (*See* Doc. No. 111 at 36–37.)

On February 18, 2019, Calonjes Salas pleaded guilty to conspiracy to manufacture, distribute, or possess controlled substances on a vessel in violation of 21 U.S.C. § 960(b)(2)(B). (*See* Doc. No. 53 at 19, 41.) At the sentencing hearing held on December 12, 2019, the Court determined that (i) Calonjes Salas's base offense level under the advisory Sentencing Guidelines

was thirty-eight because he had transported nearly a ton of cocaine (*see* Doc. No. 111 at 10); (ii) Calonjes Salas was not entitled to a minor-role adjustment (*see id.* at 24–25); and (iii) Calonjes Salas' role as a pilot or navigator merited a two-level enhancement pursuant to U.S.S.G § 2D1.1(b)(3)(C) (*see id.* at 35). The Court did, however, grant Salas a three-level reduction for acceptance of responsibility, which lowered his total offense level to thirty-seven. (*See id.*) Based on that offense level and his criminal history category of II, the Court determined that Calonjes Salas's advisory Sentencing Guidelines range was 235 to 293 months' imprisonment. (*See id.* at 37.) After considering the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a below-Guidelines sentence of 180 months' imprisonment, to be followed by five years of supervised release. (*See id.* at 68–72.) The Second Circuit affirmed the Court's sentence. *See United States v. Calonjes Salas*, 18 F.4th 395 (2d Cir. 2021).

Calonjes Salas subsequently moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. The Court denied that motion on October 11, 2024. (*See* Doc. No. 128.) On January 13, 2026, Calonjes Salas filed this motion for compassionate release. (*See* Doc. No. 133.)

## II. Discussion

As a general matter, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may, however, reduce a sentence if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). "There are three requirements that must be satisfied before a court can grant such relief": (i) "absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities"; (ii) "the inmate must demonstrate that his proffered circumstances are indeed extraordinary and compelling"; and (iii) "a court must consider[] the factors set forth in

[18 U.S.C. §] 3553(a) to the extent that they are applicable." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (internal quotation marks omitted). Furthermore, an inmate must overcome all three hurdles, and "if a district court determines that one of those conditions is lacking, it need not address the remaining ones." *Id.* at 73. Here, Calonjes Salas fails to meet either the second or third prongs of this test because (i) no extraordinary and compelling circumstances warrant relief and (ii) the section 3553(a) factors support his sentence.[1]

*First*, Calonjes Salas has not identified any extraordinary and compelling reasons justifying a reduction in his sentence. While Calonjes Salas vaguely mentions "Health Risk Factors," he provides no details that would allow the Court to assess the nature or extent of his medical concerns. (Doc. No. 133 at 4.) And though Calonjes Salas also argues that a non-retroactive "[c]hange in the [l]aw" resulted in a gross disparity between the sentence he is serving and the hypothetical sentence that the Court would impose today, he gestures only at the First Step Act of 2018, without explaining the relevance of that statute (which preceded his sentencing here, and is thus not a later change in law) or how it has affected his case. (*See id.* at 5 (citing 18 U.S.C. § 3553(f).) By the Court's calculation, Calonjes Salas's Guidelines calculation would be no different if he were arrested, charged, and sentenced for the same conduct today.

*Second*, even if it could be argued that Calonjes Salas had demonstrated extraordinary and compelling reasons justifying compassionate release, the Court would still deny his motion because the section 3553(a) factors compel a sentence of at least 180 months' imprisonment. As the Court noted at sentencing, Calonjes Salas's sentence falls "almost five years below the bottom of the guidelines range," and thus accounts for Calonjes Salas's diminished culpability as compared to others who participated in the crime and his positive record while in custody. (Doc.

[1] The government does not contest that Calonjes Salas exhausted his administrative remedies.

111 at 68, 71–72.) But Calonjes Salas's "incredibly serious" offense still calls for a significant punishment given that he transported not only "huge quantities of cocaine" but also amphetamine – "another extremely dangerous drug" – as part of "a criminal activity that kills tens of thousands every year" and is the "source of tremendous amounts of corruption and violence" in Colombia and throughout the hemisphere. (*Id.* at 69.)

The fact that Calonjes Salas previously committed substantially the *same* crime – for which he received a seventy-month sentence – also compels the imposition of a sentence of no less than 180 months' imprisonment for this offense. (*See id.* at 70–71.) As the Court noted before imposing sentence, such a term of incarceration is necessary to promote both specific and general deterrence given that Calonjes Salas continued to engage in narcotics trafficking even after completing his previous sentence. (*See id.* at 71.) Thus, the 180-month sentence remains necessary to reflect the seriousness of Calonjes Salas's offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence. *See* 18 U.S.C. § 3553(a).

## III. Conclusion

For these reasons, Calonjes Salas's motion for compassionate release (Doc. No. 133) is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 133 and mail a copy of this order to Calonjes Salas at his designated facility.

SO ORDERED.

Dated: July 28, 2026
New York, NY

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation